IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER SCOTT EMMETT,**

      Plaintiff,

v.	Case No. 3:07CV227

**GENE M. JOHNSON,** Director,
Commonwealth of Virginia
Department of Corrections

**GEORGE M. HINKLE,** Warden,
Greensville Correctional Center, and

**LORETTA K. KELLY,** Warden,
Sussex I State Prison,

      Defendants.

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION FOR RECONSIDERATION OF BRIEFING SCHEDULE

The Defendants, Gene Johnson, George Hinkle and Loretta Kelly, by counsel, move this honorable Court for entry of a Protective Order and to reconsider the Briefing Schedule Order for the reasons set forth below:

On April 27, 2007, this Court entered a Briefing Schedule, upon agreement of the parties, for Plaintiff's motion for a preliminary injunction whereby Plaintiff's opening brief was due on May 9. On May 9, Plaintiff filed what appears to be a brief in support of his initial complaint stating that he "has not requested a preliminary injunction and hopes this matter can be fully litigated prior to his execution date of June 13, 2007." Plaintiff requests that this Court grant him "the equitable and injunctive relief requested in his initial complaint." In essence, Plaintiff does not want to request a preliminary

1

injunction but wants this Court to treat the case as though he had and therefore receive expedited process. Accordingly, Defendants requests that this Court reconsider its briefing order, specifically cancelling the hearing dates of May 23 (which had been reserved for our expert's testimony) and May 24.

It is clear that Plaintiff is attempting to convert the briefing and hearing schedule set by this Court on a preliminary injunction to be used instead for a full trial on the merits. To accomplish this goal, Plaintiff unashamedly asks this Court to use its equitable powers to expedite his case for trial inconsistent with the Federal Rules of Civil Procedure or the Local Rules of the Eastern District. This he must not be allowed to do for three reasons.

First, Plaintiff has intentionally delayed the filing of this method of execution challenge until the last hour. Plaintiff was sentenced to death in November 2, 2001, but waited to avail himself of his prison administrative remedies, under the PLRA, until late 2006. He successfully exhausted his administrative remedies on December 14, 2006. Rather than pursuing his §1983 action in a thoughtful and deliberate manner immediately after he exhausted his administrative remedies, Plaintiff deliberately and purposefully delayed filing the present action until after the execution date was set.[1] He chose to file the present action on April 19, 2007, seven weeks before the June 13, 2007 execution date. The direct result of this delay is that the Government is forced to litigate this § 1983 challenge outside the normal FRCP or even under the Local Rules of the Court. Plaintiff cannot provide justification for this inexcusable delay and should not be permitted to circumvent procedures and gain a privilege by using this Court's

---

[1] The execution date of June 13, 2007, was set by conference call with the sentencing court on April 16, 2007. Emmett's counsels participated in such conference call.

2

extraordinary equitable powers to advance this frivolous and last minute litigation. Filing this action at this late stage does not entitle the Plaintiff to an expedited trial as a matter of course. Indeed, based on long established precedent, courts have refused to entertain such last minute filings. See e.g. Hill v. McDonough, 547 U.S. ___, 126 S.Ct. 2096 (2006); Gomez v. U.S. District Court for Northern District of California, 503 U.S.653, 112 S.Ct. 1652 (1992); and Rutherford v. McDonough, 466 F.3d 970 (11th Cir. 2006). To allow this Plaintiff to proceed in this inequitable manner sets a terrible precedent and is clearly burdensome to the Government. The Government has a strong interest in enforcing its criminal judgments without unreasonable dilatory tactics by the Plaintiff.

Second, to the extent that Plaintiff's claim merits any consideration in an expedited fashion, the proper procedural vehicle, as provided for by the FRCP, is through a request for a preliminary injunction. This Court's Order established a briefing schedule expressly for preliminary injunction consistent with an expedited review. Likewise, based on the Court's intent to entertain a request for preliminary injunction, the Commonwealth agreed to an extremely expedited schedule of initial discovery and has provided over 600 documents from the Department of Corrections. The Government expended staff from the Attorney General's Office and the Department of Corrections to provide the requested documentation in less than 10 days. Plaintiff has received more discovery than in the Walker matter which required more than 8 months of litigation. In addition, Defendants have responded to lengthy interrogatories and requests for admissions, all in less than a week. Plaintiff wishes to obtain the benefits of equitable relief without being burdened by the legal standard for making such a request. In doing so, he has created an unnecessary and unwarranted disruption for the Government. It is

painfully obvious that Plaintiff knows that his request for preliminary injunction will fail because his claims are no different from those previously rejected in this Court's decisions in Reid v. Johnson, 333 F. Supp.2d 543 (E.D. Va. 2004); Vinson v. Johnson, 2006 U.S. Dist. LEXIS 59527 (2006); and Lenz v. Johnson, 443 F. Supp.2d 785 (E.D. Va. 2006).[2]  Likewise, Plaintiff's allegations would likely fare no better in a trial on the merits.  These are the same allegations considered and rejected in Walker v. Johnson, 448 F. Supp. 2d 719 (E.D. Va. 2006).  Furthermore, thus far Plaintiff has not produced any additional factual discovery, conducted no further depositions[3], and expressly intends to rely on the same evidence considered in Walker, effectively asking this Court to relitigate the decision of Judge Hilton.

Third, Defendants are entitled to the protections and safeguards of an orderly administration of justice. The Defendants are entitled to obtain factual and expert discovery under the FRCP and have an opportunity to adequately prepare pleadings and responses and prepare for trial, none of which can be reasonably done in such a short time frame.  The FRCP and the Local Rules of the Eastern District are designed to provide for the fair development of a clear record of facts and, if appropriate, expert testimony so that the presiding court can make an informed and just decision.  Such procedure also provides this Court with an opportunity to consider all issues in due

---

[2] Plaintiff raises only one additional claim in the present action: that the lethal injection protocol does not provide for the contingency that after the execution has begun a court might issue a stay and the inmate would not be able to be resuscitated.  Such claim is utterly frivolous on its face.  There is no record of this contingency ever happening in Virginia or, to the best of counsel's knowledge and research, in any other state's execution process.  It would also be a contingency that would have no counterpart in the other forms of execution, electrocution in Virginia, hanging and firing squads in other states. Additionally, Plaintiff has failed to clearly demonstrate how lack of such contingency violates Plaintiff's constitutional rights under the Eighth Amendment.

[3] Defendants expressly informed Plaintiff's counsels that all of our witnesses were being made available through May 9 for depositions based on the expedited schedule agreed to in contemplation of the preliminary injunction request.

4

course in a deliberate manner. Defendants are entitled to litigate this case under the rules applicable to all other cases. They should not be denied such an opportunity simply to appease a Plaintiff who has deliberately delayed in bringing this action before this Court.

Since Plaintiff has elected not to request a preliminary injunction, Defendants object to further discovery until such time as this Court can determine whether this case can proceed in its present form. Moreover, unless and until it is determined that this case should proceed, defendants should be spared the burden, time and expense of having to respond to plaintiff's continuing discovery requests.

WHEREFORE, good cause having been shown, Defendants respectfully request that this honorable Court reconsider its briefing schedule entered on April 27, 2007, and enter a protective order staying all discovery in this case pending this Court's reconsideration.

                Respectfully submitted,

                GENE M. JOHNSON
                GEORGE M. HINKLE and
                LORETTA K. KELLY

                By_____/s/_____
                        Counsel

Richard C. Vorhis, SAAG, VSB #23170
Banci E. Tewolde, AAG, VSB #40331
J. Michael Parsons, AAG, VSB#68520
Attorney for Defendants
Office of the Attorney General
Public Safety and Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  804-786-4805
Fax:  804-786-4239
rvorhis@oag.state.va.us

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Engle, Esquire
Jennifer Givens, Esquire
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903

_____/s/_____
Richard C. Vorhis, SAAG, VSB #23170
Banci E. Tewolde, AAG, VSB #40331
J. Michael Parsons, AAG, VSB#68520
Attorney for Defendants
Office of the Attorney General
Public Safety and Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  804-786-4805
Fax:  804-786-4239
rvorhis@oag.state.va.us