IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

**CHRISTOPHER SCOTT EMMETT, #300193,**

    **Plaintiff,**

v.                                                    Case No. 3:07cv227

**GENE M. JOHNSON,**
**GEORGE M. HINKLE,**
**and**
**LORETTA K. KELLY, and**
**JOHN DOES 1-100,**

    **Defendants.**

## DEFENDANTS' OBJECTION TO PLAINTIFF'S NOTICE OF DEPOSITION OF PHYSICIANS ATTENDING EXECUTIONS

Come now, by counsel, the Defendants, Gene Johnson, George Hinkle, Loretta Kelly, and John Does 1-100, and object to the Plaintiff's request for deposition of physicians attending executions.

Plaintiff has noticed his intent to depose, what he calls "physician(s)" attending executions.[1] Specifically, he seeks to take the "deposition[s] of the physician[s]" present during the lethal injection executions of inmates Dana Ray Edmond, John Y. Schmitt, Lem Tuggle, Walter Correll, Ronald Bennett, Mario Murphy, Thomas, Beavers, Angela Breard, Johnile Dubois, Dwayne Wright and James Patterson. With the exception of Tuggle and Edmonds, these inmates received a second dose of Pavulon and/or potassium

---

[1] Counsels for the Defendants have not been able to determine if Plaintiff has issue a subpoena pursuant to Rule 45 of the *Federal Rules of Civil Procedure*.

1

chloride. Tuggle received an increased initial dose of Pavulon. Edmonds was the first inmate to be executed by lethal injection.

During the preliminary injunction stage, Plaintiff informed Defendants via e-mail of his intent to take deposition[s] of the attending physicians. Counsel for both party conferred with regards to the type of information sought through deposition[s] of attending physician[s]. Specifically, Plaintiff was seeking to find out who made the decision to administer the second set of Pavulon and/or potassium chloride. Defendants informed Plaintiff's counsel that the physician who was present for all the above mentioned executions, with the exception of Schmitt and Edmonds, is deceased. Plaintiff's counsel was also informed that the current physician was present for the execution of Schmitt, but has no knowledge of the other executions prior to his tenure. In lieu of depositions, Defendants agreed to respond to a second set of interrogatories pertaining to this issue. Plaintiff propounded a second set of interrogatories and request for admissions and the Defendants answered the same, all within an exceedingly short time. A copy of the Defendants' Response to Plaintiff's Second Set of Interrogatories and Defendants' Response to Plaintiff's Second Requests for Admission are attached as Exhibit A and B respectively. Accordingly, this discovery has already been taken and further discovery is unnecessary, burdensome on the Defendants, and is not likely to lead to evidence relevant to the issues raised by the suit. Therefore this should also be denied pursuant to FRCP 26(g)(2).

Defendants have informed the Plaintiff through various discovery proceedings that 1) in lethal injection executions the attending physician simply observes the heart monitor from behind the curtain and pronounces death; 2) the physician is stationed

behind the curtain at all relevant times; 3) the physician does not assess anesthetic depth; 4) the current physician does not insert, site and maintain IV lines; 5) the physician does not push the lethal chemicals and does not supervise the executioner; 6) the current physician has no knowledge of all other executions other than Schmitt; 7) the decision to administer the second set of Pavulon and/or potassium chloride is not made by a physician, but by the Director of the Virginia Department of Corrections; and 8) the chemicals are not prepared or mixed by the physician.

Defendants are at loss as to what other admissible information can be obtained by deposing a physician who is a third party and whose only role is to watch the heart monitor and announce death.

The basis of Plaintiff's allegation is that the manner in which lethal injection is conducted in Virginia will cause Emmett to suffer cruel and unusual punishment. The attending physician at the execution does not mix or administer the chemicals, does not monitor the "anesthetic depth" of the condemned and does not push the chemicals. Defendants submit that the sole purpose of taking the deposition of the physician or "physicians" is to merely harass and intimidate a medical professional. Plaintiff's goal is to create a controversy within the medical community with the hopes of stopping his execution. This is not a new endeavor. Indeed, upon information and belief, there are at least two states, Georgia and North Carolina, that are currently dealing with the questions of whether the regulating authority for physicians can prohibit physician involvement in executions.[2] This collateral attack is part of a concerted effort to attack the death penalty itself when legal challenges have proven to be fruitless. Plaintiff should not be permitted

---

[2] In California, the California Department of Corrections attempted to recruit two anesthesiologists to attend the execution but the execution had to be stayed when both anesthesiologists decided that their intended involvement was going to subject them to discipline from California's regulatory agency.

to make a mockery of the process and to attack a physician whose only role in this process is to observe the heart monitor.

Plaintiff's claim that his constitutional rights will be violated if the lethal chemicals are administered as per Virginia's protocol has no merit and has been fully litigated in this Court in a prior case. See Walker v. Johnson, 448 F. Supp. 2d 719 ( E.D. Va. 2006). Plaintiff relies heavily on the discovery documents obtained in Walker to re-litigate the same issues in this case. As this court noted in its Order (June 1, 2007), the administration of the second set of Pavulon and/or potassium chloride "does not reflect carelessness or confusion. Rather it is indicative of Defendants' attentiveness and willingness to ensure that those executions did not involve 'torture or a lingering death.'" (Citations omitted).

Accordingly, Defendants submit that Plaintiff's request to depose "physician[s] ] attending execution[s] be denied as irrelevant and immaterial to the subject matter properly before this court.

WHEREFORE, for the reasons stated, your Defendants respectfully request this Court enter an Order consistent with the above.

        Respectfully submitted,

        GENE M. JOHNSON
        GEORGE M. HINKLE
        LORETTA K. KELLY and
        JOHN DOES 1-100


        By_____/s/_____
                         Counsel

Richard C. Vorhis, SAAG, VSB #23170
Banci E. Tewolde, AAG, VSB #40331
J. Michael Parsons, AAG, VSB #68520
Attorney for Defendants
Office of the Attorney General
Public Safety and Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  804-786-4805
Fax:  804-786-4239
rvorhis@oag.state.va.us

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew Engle, Esquire
Jennifer Givens, Esquire
Virginia Capital Representation Resource Center
2421 Ivy Road, Suite 301
Charlottesville, VA 22903


_____/s/_____
Richard C. Vorhis, SAAG, VSB #23170
Banci E. Tewolde, AAG, VSB #40331
J. Michael Parsons, AAG, VSB #68520
Attorney for Defendants
Office of the Attorney General
Public Safety and Enforcement Division
900 East Main Street
Richmond, Virginia 23219
Phone:  804-786-4805
Fax:  804-786-4239
rvorhis@oag.state.va.us

5